J. Reuel and Dorothy Campbell v. Commissioner.
Campbell v. Commissioner
Docket No. 4550-62.
United States Tax Court
T.C. Memo 1965-54; 1965 Tax Ct. Memo LEXIS 274; 24 T.C.M. (CCH) 304; T.C.M. (RIA) 65054; March 18, 1965
Jesse J. Maynard, Leonhardt Bldg., Oklahoma City, Okla., for the petitioners. Bruce Hallmark, for the respondent. FAY
Memorandum Opinion FAY, Judge: Respondent determined deficiencies in petitioners' income tax liability for 1959 in the amount of $725.04. The issue for decision is whether petitioners are entitled to deductions for legal fees of $2,000 and $712.50 paid in 1959. All of the facts have been stipulated by the parties and are found accordingly. Petitioners J. Reuel Campbell and Dorothy Campbell are husband and wife residing in Oklahoma City, Oklahoma. They filed their joint Federal income tax return for the year 1959 with the district director of internal revenue, Oklahoma City, Oklahoma. During the taxable year 1959, *275 J. Reuel Campbell (hereinafter referred to as petitioner) was self-employed as a druggist operating two retail drug stores in Oklahoma City. On October 10, 1958, a letter was sent from regional counsel, Internal Revenue Service, advising petitioner's attorney, John E. Marshall, that the files in his client's case had been forwarded to the Department of Justice. The purpose of transmission was for further consideration of regional counsel's recommendation that criminal proceedings be instituted against petitioner for willful evasion of his and his wife's income taxes for the taxable years 1952, 1953 and 1954. By letter dated October 24, 1958, Elden McFarland, an attorney in Washington, D.C., informed petitioner that he would attempt to confer with the Department of Justice in an effort to defend petitioner against the institution of criminal prosecution. The letter contained a proposed fee arrangement which stated that McFarland would require a retainer of $1,000 payable on or before November 6, 1958, together with a contingent fee of $1,000 for each count (or year) with respect to which no indictment was returned. During November 1958 McFarland represented petitioner before the *276 Department of Justice in conferences and in filing of argument with respect to the criminal charges recommended by the Internal Revenue Service for the taxable years 1952, 1953, and 1954. For these services petitioner paid McFarland $1,000 on November 5, 1958, in accordance with the terms of the proposed fee arrangement. McFarland's efforts were unsuccessful and no contingent fee was paid. On December 12, 1958, the Department of Justice forwarded petitioner's case to the United States Attorney for the Western District of Oklahoma with instructions that criminal charges be instituted against petitioner for willful evasion of his and his wife's income taxes for the years 1952, 1953, and 1954. In a letter dated January 5, 1959, McFarland offered to represent petitioner in the trial of the criminal case and proposed a fee arrangement. McFarland requested that petitioner sign the letter and return a copy if the suggested fee arrangement were acceptable. Petitioner did not execute the letter. On January 9, 1959, petitioner appeared before a judge of the United States District Court for the Western District of Oklahoma. Petitioner was represented by T. F. McIntyre, an Oklahoma City *277 attorney. During the proceedings on January 9, 1959, the United States filed with the District Court a document entitled "Summary of Findings in the Case of United States v. J. Reuel Campbell." On the same day petitioner filed an instrument by which he waived indictment and consented to the proceedings to be by information. The United States thereupon filed an information charging petitioner with three counts of willfully and knowingly attempting to evade and defeat a large part of the income tax due and owing by him and his wife by filing and causing to be filed a false and fraudulent income tax return for each of the years 1952, 1953, and 1954. Petitioner entered a plea of nolo contendere to Count one of the information (1952). The United States Attorney objected to the acceptance of such plea. However, upon acceptance of petitioner's plea, the United States Attorney advised the Court that when sentence was pronounced on such plea he would, in order to avoid the necessity and expenses of trial, move for dismissal of Counts two and three of the information relating to the taxable years 1953 and 1954, respectively. On February 20, 1959, when petitioner again appeared before the *278 Court, he was represented by his Oklahoma City attorneys, McIntyre and Frank Hensley. The Court entered judgment finding petitioner guilty on his plea of nolo contendere to Count one of the information. Petitioner was sentenced to pay a fine of $5,000. On the United States' motion, Counts two and three of the information were dismissed. Petitioner paid the following attorneys' fees: On April 1, 1959, $2,000 to McFarland; and on January 29, 1959, $1,068.75 to McIntyre. These fees were incurred altogether in connection with the criminal prosecution, and no part thereof was attributable to petitioner's civil tax liability. In their return for the taxable year 1959 the petitioners claimed as deductions the amounts of $2,000 and $712.50 as legal expenses relating to the dismissal of the two criminal charges for the years 1953 and 1954. In his determination of deficiencies for 1959, respondent disallowed the claimed deductions covering the payment of legal fees made to McIntyre and McFarland. Petitioner takes the position that (1) legal expenses incurred in the successful defense of a criminal tax case are deductible and (2) dismissal of two criminal charges against him for the calendar *279 years 1953 and 1954 constitutes a successful defense. Therefore, he argues, his legal expenses pertaining to those two dismissed charges should be allowed as deductions under section 212(3) of the Internal Revenue Code of 1954. [1] Petitioner concedes the proposition that expenses incurred in the unsuccessful defense of a criminal tax case are not deductible. Moreover, he did not claim such expenses in his return. [2]
With respect to *280 the legal fee paid to McIntyre, petitioner argues that two-thirds of the total fee should be allowed as a deduction since two of the three charges against petitioner were dismissed. In this case, the two criminal charges against petitioners were dismissed upon the motion of the United States Attorney in order to avoid the expense and necessity of going to trial. Petitioner pleaded nolo contendere and was sentenced upon a third charge. However, we do not find it necessary to decide whether, upon such facts, dismissal of one or more charges and conviction upon another charge constitute a successful defense permitting deduction of a portion of legal costs. Petitioner here failed to show any reasonable basis upon which any portion of the fee paid to McIntyre can be allocated between the three counts. Petitioner has failed to introduce any evidence showing that (1) McIntyre would have charged any less had petitioner been indicted on fewer charges or (2) McIntyre's fee was any greater because two counts were dismissed. Therefore, we sustain respondent with respect to the fee paid to McIntyre. Petitioner claims that the entire $2,000 paid to McFarland on April 1, 1959, should be allowed *281 as a deduction. He claims (1) that this fee was incurred in the successful defense of criminal charges against petitioner for the calendar years 1953 and 1954 and (2) that payment of the fee resulted in the two criminal charges being dismissed. The evidence does not support this contention. As far as can be determined, the two charges were dismissed solely upon the initiative of the United States Attorney. Therefore, the entire fee paid to McFarland is clearly not deductible. Respondent contends that this fee was paid for McFarland's attempts before the Department of Justice to defend petitioner against institution of criminal prosecution. The record shows, however, that petitioner paid McFarland $1,000 for those services on November 5, 1958, in full accordance with a fee arrangement proposed by McFarland in a letter dated October 24, 1958. Since petitioner paid McFarland the amount specified in that letter within the time required, we find no reason to believe that petitioner subsequently paid McFarland any other amounts for the same services. Although the $2,000 fee paid to McFarland on April 1, 1959, was incurred in connection with the criminal prosecution and no part thereof *282 was attributable to petitioner's civil tax liability, there is nothing in the record to identify the particular purpose for which this expense was incurred. We may only assume that it arose generally in connection with the criminal prosecution. Hence, it falls in the same category as the fee paid to McIntyre and the problems of allocation are indistinguishable. Upon a review of the record before us, the evidence does not reveal any reasonable basis for allocation between the three charges of any portion of the $2,000 fee paid to McFarland on April 1, 1959. Thus, the respondent did not err in disallowing a deduction for this fee. Decision will be entered for the respondent. Footnotes
1. SEC. 212. EXPENSES FOR PRODUCTION OF INCOME. In the case of an individual, there shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year - * * *
(3) in connection with the determination, collection, or refund of any tax. ↩
2. Since petitioner maintains only that legal expenses incurred in the successful defense of a criminal tax case are deductible, the question of deductibility of legal expenses incurred in an unsuccessful defense is not before us. Therefore, we do not find it necessary to consider the Second Circuit's opinion in Tellier v. Commissioner, 342 F. 2d 690↩ (C.A. 2, 1965), reversing on this issue a Memorandum Opinion of this Court.